IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CAMILLUS CLEAN AIR COALITION, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>HONEYWELL INTERNATIONAL INC.,<br><br>Defendant. | Case No. 5:13-CV-0365 (NAM/DEP) |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1331, 1332, 1367, 1441, and 1446, and any other applicable laws, Defendant Honeywell International Inc. hereby gives notice of removal of this action, entitled *Camillus Clean Air Coalition, et. al v. Honeywell International, Inc.*, bearing civil action Index No. 001487/2013, from the Supreme Court of the State of New York, Onondaga County to the United States District Court for the Northern District of New York. The complaint in the underlying action ("Complaint") is attached hereto as Exhibit A.

As grounds for removal, Defendant Honeywell International Inc. states as follows:

### BACKGROUND

1.  On June 27, 1989, New York State filed a lawsuit, *State of New York and Denise M. Sheehan v. Allied-Signal*, No. 89-CV-815 (N.D.N.Y.), pursuant to the Comprehensive Environmental Response, Compensation and Liability Act ("CERCLA"), as amended, 42 U.S.C. §§ 9601, *et seq.*, seeking among other things to compel Allied-Signal Inc. to undertake the cleanup of Onondaga Lake, located in Onondaga County, New York. Honeywell International

Inc. ("Honeywell") is the successor to Allied-Signal Inc. The complaint in that action is attached hereto as Exhibit B.

2. On November 29, 2004, following the completion of a Remedial Investigation and Feasibility Study for the Onondaga Lake Bottom Subsite of the Onondaga Lake Superfund Site (the "Site"), the New York State Department of Environmental Conservation ("NYSDEC") issued a proposed cleanup plan for the Site ("Proposed Plan"), which called for the dredging of an estimated 2.65 million cubic yards of sediment from the lake, and the placement of those sediments at a sediment consolidation area to be constructed on Honeywell property. The Proposed Plan estimated the total cost of the remedy at $451 million. An executive summary of the Proposed Plan issued by NYSDEC is attached hereto as Exhibit C. The Proposed Plan was subject to public comment from November 29, 2004 until March 1, 2005, and after the concurrence of the United States Environmental Protection Agency ("EPA"), again from April 1, 2005 until April 30, 2005.

3. Following the review of public comments, on July 1, 2005, in accordance with the requirements of CERCLA, EPA and NYSDEC issued a joint record of decision ("ROD") for the Site, which set forth the selected remedy for the Site. The Declaration for the Record of Decision is attached hereto as Exhibit D. Among other things, the ROD required dredging an estimated 2.65 million cubic yards of sediments from the lake bottom, and transporting those sediments via pipeline to a sediment contamination area ("SCA") located on Honeywell property in the Town of Camillus for treatment and storage. Ex. D at ii.

4. On October 6, 2006 Honeywell and NYSDEC agreed to enter into a proposed consent decree requiring Honeywell to conduct the Site remediation in accordance with the ROD

issued by NYSDEC and EPA on July 1, 2005. The proposed consent decree was subject to public comment from October 12, 2006 to November 13, 2006.

5. Following the period of public comment, on December 21, 2006 Assistant Attorney General Normal Spiegel lodged the proposed consent decree with the Court, and requested that the Court enter the proposed consent decree as an order of the Court. On January 4, 2007, the Court entered the proposed consent decree ("Consent Decree"). The Consent Decree and Appendix C (the Statement of Work) are attached hereto as Exhibit E. The Statement of Work requires that Honeywell make good faith efforts to design and construct the SCA within five years of entry of the Consent Decree, and complete dredging operations within four years of construction. Ex. E, Appx C at 5.

6. Pursuant to its obligations under the Consent Decree and the Statement of Work, Honeywell initiated dredging of the lake bottom and transporting dredged materials to the SCA in 2012, and remains on schedule to complete dredging within four years.

7. On March 18, 2013, Plaintiffs Camillus Clean Air Coalition, *et al.* filed a complaint against Honeywell ("Honeywell") in the Supreme Court of the State of New York, Onondaga County ("Complaint") alleging the following causes of action relating to Honeywell's implementation of the CERCLA remedy set forth in the ROD, including the transport of dredged sediments to the SCA: 1) negligence; 2) nuisance; 3) premises liability; and 4) trespass. Ex. A. ¶¶ 53-71.

8. The Complaint requests the following relief: 1) a preliminary and permanent injunction prohibiting Honeywell from continuing to transport dredged sediment from the lake bottom to the SCA; 2) an order requiring the implementation of additional air monitoring

technology; and 3) compensatory and punitive damages for alleged injuries suffered as a result of the transport of sediment from the lake bottom to the SCA. Ex. A ¶ 72.

## I.   REMOVAL TO THIS JUDICIAL DISTRICT IS PROPER AND TIMELY

9.   Plaintiffs filed the Complaint in the Supreme Court of the State of New York, Onondaga County. The Complaint alleges causes of action seeking injunctive and other relief relating to the remediation of Onondaga Lake, located in Onondaga County, New York. Pursuant to 28 U.S.C. § 1446(a), a true and legible copy of the Complaint is attached hereto. *See* Ex. A.

10.   This Notice of Removal is timely filed pursuant to 28 U.S.C. § 1446(b). Honeywell International Inc. was served with the Complaint on April 1, 2013, which is less than 30 days prior to the date of this Notice of Removal.

11.   No further pleadings have been filed, and no proceedings have yet occurred in the Onondaga County action.

12.   Venue is proper in the District Court for the Northern District of New York because the Supreme Court of the State of New York, Onondaga County, where this suit was originally filed, is within the District Court for the Northern District of New York. 28 U.S.C. §§ 1441(a), 1441(b), 1446(a).

13.   Honeywell bases removal on federal question jurisdiction, diversity jurisdiction, and supplemental jurisdiction pursuant to 28 U.S.C. §§ 1331, 1332, 1367, 1441, and 1446.

## II.   BASIS FOR JURISDICTION

14.   Removal of this action is appropriate under 28 U.S.C. § 1441. The Court has original jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 because it is a civil action containing claims arising under the laws of the United States. In addition, the Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(a) because it is a civil action between

4

citizens of different states in which the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs. To the extent that the Court does not have jurisdiction over individual claims in this action pursuant to either 28 U.S.C. §§ 1331 or 1332(a), the Court has supplemental jurisdiction over those claims pursuant to 28 U.S.C. § 1367.

### A. This Court Has Jurisdiction Pursuant to 28 U.S.C. §§ 1331 (Federal Question Jurisdiction)

15. Under 28 U.S.C. § 1331, "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."

16. Federal question jurisdiction lies over state law claims that implicate significant federal issues. *See Grable & Sons Metal Prods., v. Darue Eng'g & Mfg.*, 545 U.S. 308, 312 (2005); *Smith v. Kansas City Title & Trust Co.*, 255 U.S. 180, 199 (1921).

17. Plaintiffs in this action seek 1) preliminary and permanent injunctive relief prohibiting Honeywell from continuing to implement the approved CERCLA remedy set forth in the ROD, which was selected and approved by EPA and DEC and ordered by this Court's Consent Decree, and 2) an order requiring Honeywell to alter the air monitoring program established for the CERCLA remedy. Ex. A ¶ 72(a) & (b).

18. Pursuant to Section 113(b) of CERCLA, 42 U.S.C. § 9613(b), "the United States district courts shall have exclusive jurisdiction over all controversies arising under [CERCLA], without regard to the citizenship of the parties or the amount in controversy."

19. In addition, Section 113(h) of CERCLA, 42 U.S.C. § 9613(h), proscribes "any challenges to removal or remedial action" selected under CERCLA until after the completion of such removal or remedial action. *See, e.g., Farmers Against Responsible Remediation v. U.S. EPA*, 165 F. Supp. 2d 253, 258-259 (N.D.N.Y. 2009) ("Congress enacted section 9613(h) to limit the public's ability to challenge EPA cleanup decisions and bolster CERCLA's goal of

granting EPA full reign to conduct or mandate uninterrupted clean-ups.") (quotation omitted). Such challenges are barred regardless of whether brought in state or federal court, *Fort Ord Toxics Project, Inc. v. Cal. EPA.*, 189 F.3d 828, 832 (9th Cir. 1999), and thus removal of such claims from state court does not provide a basis for dismissal that would not otherwise exist.

20. Here, because Plaintiffs seek to enjoin Honeywell from implementing the approved remedy for the Site, Ex. A ¶ 72(a)-(b), Plaintiffs' claims constitute a challenge to a CERCLA remedy under Section 113(h) and are necessarily federal in character. 42 U.S.C. §§ 9613(b)&(h). As a result, removal is appropriate under 28 U.S.C. §§ 1331 & 1441. *Arco Envtl. Remediation v. Mont. Dep't of Health and Envtl. Quality*, 213 F.3d 1108, 1115 (9th Cir. 2000) (where a plaintiff "seeks to dictate specific remedial actions, to postpone a cleanup, [or] to impose additional reporting requirements on the cleanup" the claims are "necessarily federal" and subject to removal) (internal citations omitted).

**B.    This Court Has Jurisdiction Pursuant to 28 U.S.C. § 1332 (Diversity Jurisdiction)**

21. The Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(a) because it is a civil action between citizens of different states in which the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs.

    1.    <u>There is Complete Diversity Between the Parties</u>

22. Plaintiffs allege that they are all citizens of New York State. Ex. A ¶¶ 3-30.[1]

23. Defendant Honeywell is a corporation organized and existing under the laws of Delaware, with its principal place of business in Morristown, New Jersey. Affidavit of John

---

[1] Paragraph 3 of the Complaint asserts that Plaintiff Camillus Clean Air Coalition is a community organization composed of "residents of the Town of Camillus" that allege to have been affected by clean-up operations at the SCA.

6

McAuliffe, attached hereto as Exhibit F, ¶ 3. Defendant Honeywell is, therefore, a citizen of Delaware and New Jersey.

24. Because Plaintiffs are all citizens of New York and Defendant is a citizen of Delaware and New Jersey, complete diversity of citizenship exists between all Plaintiffs and Defendant. *See* 28 U.S.C. §§ 1332 and 1441.

### 2. The Amount in Controversy Requirement is Met

25. Pursuant to 28 U.S.C. § 1332, the amount of controversy requirement is satisfied where, based on the factual allegations of the complaint, the amount exceeds $75,000, exclusive of interests and cost.

26. Where, as here, an amount is not expressly alleged in the complaint, it can be measured by the value of the object of the litigation. *See Hunt v. Wash. State Apple Adver. Com'n*, 432 U.S. 333 (1977). When the complaint seeks injunctive relief that would require the defendant to incur specific costs for the plaintiff to receive the benefit requested, the amount in controversy "is appropriately measureable as the cost to defendant." *Katz v. Warner-Lambert*, 9 F. Supp. 2d 363, 364-365 (S.D.N.Y. 1998) (amount in controversy satisfied where the cost of funding research requested by the plaintiffs was more than $75,000); *In re Rezulin Prod. Liab. Litig.*, 168 F. Supp. 2d 136, 152-153 (S.D.N.Y. 2001) (same).

27. In the Complaint, in addition to compensatory and punitive damages Plaintiffs seek an order "directing that [Honeywell] implement" air monitoring technology outside the scope of the approved remedial air monitoring plan "in the vicinity of Plaintiffs' homes so that the air can be monitored on a real-time basis for airborne contamination relating to [Honeywell's] operations." Ex. A ¶ 72(b).

28. As set forth in the Affidavit of John McAuliffe, installation and operation of a single TO-16 or similar air monitoring system would cost more than $75,000. Ex. F ¶ 9.

7

29. Given the nature and extent of Plaintiffs' requested relief, Plaintiffs' Complaint places at issue more than $75,000, exclusive of interest and costs. *Katz*, 9 F. Supp. 2d at 364-365.

### C. This Court Has Jurisdiction Pursuant to 28 U.S.C. § 1367 (Supplemental Jurisdiction)

30. Because the Court has original jurisdiction over at least some of the claims contained in the Complaint pursuant to 28 U.S.C. §§ 1331 and 1332(a), the Court has "supplemental jurisdiction over all other claims" in this action, as all of the claims asserted in the Complaint "are so related" that they form part of the same case or controversy. As a result, all claims in the Complaint are appropriate for removal under 28 U.S.C. §§ 1331, 1332, 1367, 1441, and 1446.

### III. NOTICE IS BEING SENT TO PLAINTIFFS AND FILED IN STATE COURT

31. Pursuant to 28 U.S.C. § 1446(d), Defendant Honeywell International Inc. shall promptly give Plaintiffs written notice of the filing of this Notice of Removal.

32. Pursuant to 28 U.S.C. § 1446(d) Defendant Honeywell International Inc. will promptly file a copy of this Notice of Removal with the Clerk of the Supreme Court of the State of New York, Onondaga County. A copy of the notice to be filed is attached hereto as Exhibit G.

**WHEREFORE**, Defendant Honeywell International Inc. hereby gives notice that the above entitled state court action, formerly pending in the Supreme Court of the State of New York, Onondaga County has been removed to the United States District Court for the Northern District of New York.

Respectfully submitted,

/s Michael A. Fogel

Michael A. Fogel, Esq. (Bar No. 517200)
Anthony P. Rivizzigno, Esq. (Bar No. 102451)
GILBERTI STINZIANO HEINTZ & SMITH, P.C.
555 East Genesee St.
Syracuse, New York 13202
T: (315) 442-0100
F: (315) 442-0106
mfogel@gilbertilaw.com

ATTORNEYS FOR DEFENDANT
Honeywell International Inc.

Dated: April 2, 2013