**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**

---

**CAMILLUS CLEAN AIR COALITION;
ROBERT and COLLEEN BARTLETT;
WILLIAM and MICHELLE BARRINGTON, III;
KIM CALVERASE; DANIEL and VERUSKA
DANTUONO; DAVID and JULIETTE DEDO;
TIMOTHY and SALLY DELANY; BRIAN
and TRACY DELLOW; RON GRYZIEC;
BRENDA CARPENTER; DOUGLAS and
CHARLENE HART; THOMAS and
KIMBERLY KSHYNA; MATTHEW and
TRACY LICAMELI; JOHN and KATHLEEN
MARINELLI; WILLIAM and STEPHANIE
MATHEWSON; PETER and JENAFER
MEDINA; BRYAN MIGNONE; ELAINE
EVERITT; BRIAN and KIMBERLY MURPHY;
SCOTT and JILL MUSEMECI; JERRY and
KRISTINA PARZYCH; JONATHAN and
MARGARET PATCH; TIMOTHY and
SHARON PIEPER; FREDERICK and
HEATHER PUCHTA; LYNORE and MARK
de la ROSA; ROBERT and LORI SMITH;
JOEY ST. LOUIS; ROBERT and MEGAN
VERTUCCI; and MICHAEL and LYNDA
WADE,**

                            **Plaintiffs,**

                            v.                                       **5:13-CV-365
                                                                                (FJS/DEP)**

**HONEYWELL INTERNATIONAL, INC.,**

                            **Defendant.**

---

**APPEARANCES**                                               **OF COUNSEL**

**MCCALLION & ASSOCIATES, LLP**           **KENNETH F. MCCALLION, ESQ.**
100 Park Avenue    16th Floor
New York, New York 10017
Attorneys for Plaintiffs

| | |
|---|---|
| **GILBERTI STINZIANO**<br>**HEINTZ & SMITH**<br>555 East Genesee Street<br>Syracuse, New York 13202<br>Attorneys for Defendant | **ANTHONY P. RIVIZZIGNO, ESQ.**<br>**MICHAEL A. FOGEL, ESQ.** |
| **ARNOLD & PORTER LLP**<br>555 12th Street N.W.<br>Washington, D.C. 20004-1206<br>Attorneys for Defendant | **BRIAN D. ISRAEL, ESQ.**<br>**CHRISTOPHER A. JAROS, ESQ.**<br>**GEOFFREY J. MICHAEL, ESQ.**<br>**ANDREA MASSELLI, ESQ.** |
| **OFFICE OF THE NEW YORK**<br>**STATE ATTORNEY GENERAL**<br>120 Broadway<br>New York, New York 10271<br>Attorneys for *Amicus Curia* | **ANDREW J. GERSHON, AAG** |

**SCULLIN, Senior Judge**

## MEMORANDUM-DECISION AND ORDER

### I. INTRODUCTION

Currently before the Court is Plaintiffs' motion to remand all remaining claims to state court pursuant to 28 U.S.C. § 1447(c). *See* Dkt. No. 52. Defendant opposes this motion. *See* Dkt. No. 56.

### II. BACKGROUND

Defendant removed this action to this Court on April 2, 2013. *See* Dkt. No. 1. On April 4, 2013, Defendant filed a motion to dismiss Plaintiffs' claims for injunctive relief. *See* Dkt. No. 6. Plaintiffs opposed that motion. *See* Dkt. Nos. 28-29. On April 12, 2013, Plaintiffs filed a motion for a temporary restraining order and a preliminary injunction. *See* Dkt. No. 15. By Order dated April 12, 2013, the Court denied the motion for a temporary restraining order and set

a briefing schedule and hearing date for the preliminary injunction motion. *See* Dkt. No. 24.

The Court heard oral argument regarding Plaintiffs' motion for injunctive relief and Defendant's motion to dismiss the claims for injunctive relief on May 15, 2013. On May 28, 2013, the Court issued a Memorandum-Decision and Order, in which it denied Plaintiffs' motion and granted Defendant's motion.[1] *See* Dkt. No. 49. Finally, on June 10, 2013, Plaintiffs filed the pending motion to remand. *See* Dkt. No. 52.

### III. DISCUSSION

Plaintiffs assert that the Court should remand this matter to state court for three reasons: (1) this Court no longer has federal question jurisdiction over this matter pursuant to 28 U.S.C. § 1331; (2) this Court should not exercise its supplemental jurisdiction over Plaintiffs' remaining state-law claims pursuant to 28 U.S.C. § 1367; and this Court has never had diversity jurisdiction over this matter pursuant to 28 U.S.C. § 1332.

***1. Jurisdiction under 28 U.S.C. § 1331***

Pursuant to 28 U.S.C. § 1331, "[t]he district courts shall have original jurisdiction of all civil actions ***arising under*** the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331 (emphasis added). "For statutory purposes, a case can 'aris[e] under' federal law in two

---

[1] In addition, the Court instructed Plaintiffs' counsel to file papers with the Court showing cause why the Court should not sanction him for his apparently deliberate failure to indicate that the proposition for which he cited *United States v. Princeton Gamma-Tech, Inc.*, 31 F.3d 138 (3d Cir. 1994), was no longer good law. *See* Dkt. No. 49 at 9 n.2. In light of Plaintiffs' counsel's response to the Court's order to show cause, the Court did not impose monetary sanctions on him; however, the Court referred the matter to the Chief Judge to consider counsel's fitness to continue to practice before the Court. *See* Dkt. No. 60 at 6.

ways." *Gunn v. Minton*, 133 S. Ct. 1059, 1064 (2013). "Most directly, a case arises under federal law when federal law creates the cause of action asserted. . . . [However,] even where a claim finds its origins in state rather than federal law . . . [the Supreme Court has] identified a 'special and small category' of cases in which arising under jurisdiction still lies. . . ." *Id.* (internal citations omitted).

Furthermore, as the *Gunn* Court explained, "federal jurisdiction over a state law claim will lie if a federal issue is: (1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without disrupting the federal-state balance approved by Congress." *Id.* at 1065. Finally, the Court noted that, "[w]here all four of these requirements are met . . . jurisdiction is proper because there is a 'serious federal interest in claiming the advantages thought to be inherent in a federal forum,' which can be vindicated without disrupting Congress's intended division of labor between state and federal courts." *Id.* (quotation omitted).

In the present case, in addition to seeking injunctive relief under CERCLA, Plaintiffs brought four state-law causes of action sounding in negligence, nuisance, premises liability, and trespass. *See generally* Complaint. Plaintiffs argue that, once the Court dismissed their claims for injunctive relief, it no longer had subject matter jurisdiction over this case pursuant to 28 U.S.C. § 1331. *See* Dkt. No. 52-1, Plaintiffs' Memorandum of Law at 5 & n.3 (citing *Merrell Dow Pharmaceuticals, Inc. v. Thompson*, 478 U.S. 804, 808 (1986)).

To the contrary, Defendant argues that the Court has federal question jurisdiction over Plaintiffs' remaining claims pursuant to 28 U.S.C. § 1331 and 42 U.S.C. § 9613(b). *See* Dkt. No. 56, Defendant's Memorandum of Law at 6. Defendant asserts that, although Plaintiffs' remaining claims sound in state law, they necessarily "implicate significant federal issues," which means

that this Court continues to retain jurisdiction over these claims pursuant to § 1331. *See id.* (citing *Grable & Sons Metal Prods. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 312 (2005)). Alternatively, Defendant contends that, "because Plaintiffs' claims arise under CERCLA, Section 113(b) prohibits this Court from remanding this action to state court." *See id.* at 6-7 (citing 42 U.S.C. § 9613(b) (federal courts have "exclusive jurisdiction" over claims arising under CERCLA)) (footnote omitted).

Even a cursory reading of Plaintiffs' complaint, particularly when coupled with the arguments that Plaintiffs have made in this case thus far, indicates that all of Plaintiffs' state-law claims are, despite Plaintiffs' argument to the contrary, based on Plaintiffs' allegations that Defendant has failed, in various ways, to comply with the terms of the Consent Decree that this Court so ordered in the related action, *State of New York v. Honeywell*, 89-CV-815. Furthermore, all of these state-law claims raise a federal issue, i.e., whether Defendant has complied with the Consent Decree and, if not, whether Defendant has breached a duty that it owes to Plaintiffs. The issue of whether Defendant has complied with the Consent Decree is clearly disputed, and this issue raises a substantial federal issue. Finally, it is an issue that is capable of resolution in this Court without disrupting the federal-state balance that Congress has approved.[2] *See, e.g., Gunn*, 133 S. Ct. at 1065; *Ohio ex rel. Skaggs v. Brunner*, 549 F.3d 468,

---

[2] The Court finds persuasive the court's reasoning in *United States v. City of Loveland*, 621 F.3d 465 (6th Cir. 2010), where the court explained that, "[b]ecause . . . federal consent decrees, by definition, stem from a matter already within the court's jurisdiction, the district court's exercise of jurisdiction over this matter would not open the floodgates of litigation that might overwhelm the federal courts." *Id.* at 472. Likewise, the Court concludes, as did the court in *City of Loveland*, that, under the circumstances of this case, "a contrary holding that the district court lacks jurisdiction could allow litigants to use the state courts as a vehicle to undermine a federal court's ability to police its consent decrees[,]" *id.*; and, therefore, subject-
(continued...)

476 (6th Cir. 2008) (*per curiam*) (quotation omitted).

For all these reasons, the Court holds that it has subject matter jurisdiction over Plaintiffs' state-law claims under 28 U.S.C. § 1331.

### *2. Jurisdiction under 28 U.S.C. § 1367*

In the alternative, the Court finds that it would not be an abuse of the Court's discretion to exercise its supplemental jurisdiction over Plaintiffs' state-law claims even though it has dismissed Plaintiffs' claims for injunctive relief under CERCLA.

In this case, despite the fact that Plaintiffs have characterized their remaining claims as state-law claims and that the Court has dismissed their federal claim very early in the proceedings, the remaining state-law claims do not raise any unsettled, complex or novel questions of New York law. *See, e.g., Valencia ex rel. Franco v. Lee*, 316 F.3d 299, 306 (2d Cir. 2003) (quoting *Rounseville v. Zahl*, 13 F.3d 625, 631 (2d Cir. 1994). Moreover, resolution of these state-law claims, despite Plaintiffs' argument to the contrary, are dependent upon, and inextricably intertwined with, the Consent Decree, which this Court so-ordered and continues to monitor. If the Court were to decline to exercise its supplemental jurisdiction over these remaining claims, such a decision would upset the balance between the state and federal courts and would contravene the principles underlying the doctrines of comity and federalism. Moreover, such a decision might lead other litigants to use the state-court system to interfere with or undermine this Court's, as well as other federal courts', ability to oversee and monitor its

---

[2](...continued)
matter jurisdiction properly lies under the substantial federal question doctrine.

own consent decrees. *See City of Loveland*, 621 F.3d at 472. For all these reasons, the Court concludes that, even if Plaintiffs' remaining claims did not arise under federal law, the Court would nonetheless exercise its supplemental jurisdiction over Plaintiffs' state-law claims pursuant to 28 U.S.C. § 1367.[3]

## IV. CONCLUSION

After reviewing the entire file in this matter, the parties' submissions and the applicable law, and for the above-stated reasons, the Court hereby

**ORDERS** that Plaintiffs' motion to remand this case to state court is **DENIED**.

**IT IS SO ORDERED.**

Dated: September 4, 2013
       Syracuse, New York

_____
Frederick J. Scullin, Jr.
Senior United States District Court Judge

---

[3] Since the Court has concluded that it has jurisdiction over Plaintiffs' remaining claims under both 28 U.S.C. § 1331 and 28 U.S.C. § 1367, there is no reason for the Court to address the issue of whether it also has jurisdiction over these claims based on diversity, 28 U.S.C. § 1332. The Court notes, however, that Plaintiffs' contention that Defendant is a citizen of New York because it maintains an office in New York for purposes of monitoring this project is not supported by either the facts of this case or the relevant case law.